1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BINYAMIN TZAFIR,<br><br>                          Petitioner,<br><br>        v.<br><br>PAMELA BONDI et al.,<br><br>                          Respondents. | CASE NO. 2:25-cv-02126-JLR-MLP<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

On October 29, 2025, Petitioner Binyamin Tzafir filed a petition for writ of habeas corpus seeking release from confinement.  (Dkt. No. 1.)  Upon filing, the petition was assigned to the Honorable Judge James L. Robart.  Shortly after 1:00 a.m. on October 31, 2025, the Petitioner filed an emergency motion for temporary restraining order ("TRO") seeking to prevent his removal from the United States and his transfer to another detention facility while these proceedings are pending.  (Dkt. No. 2.)  The undersigned judge was informed of the emergency motion via the Court's emergency filings voicemail and hereby GRANTS temporary relief pending further review by Judge Robart.

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF
PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2) - 1

1    The motion (and the petition) assert Petitioner has been detained by Immigration and

2    Customs Enforcement ("ICE") at the Northwest ICE Processing Center since October 19, 2025.

3    Petitioner offers that he is stateless and that there is no significant likelihood of removal in the

4    reasonably foreseeable future.  Through family members who have been in communication with

5    Petitioner, counsel indicates Petitioner has been informed he will be transferred to another

6    detention facility.  The motion asserts Petitioner will suffer irreparable harm if moved to another

7    detention facility (or possibly removed to a third country) because, among other things,

8    Petitioner has lived in the United States for more than 25 years, suffers from serious medical

9    conditions, and would be separated from his attorneys, family and support system.  As with the

10   petition, the motion asserts Petitioner's detention is unlawful.

11          The docket indicates counsel for the Respondents have been notified of the petition via

12   the designated Department of Justice habeas petition email:  usawaw.Habeas@usdoj.gov.  The

13   motion indicates counsel will notify Respondents of the motion for TRO using this same email,

14   but it is unlikely Respondents will receive notice until the morning.  (Dkt. No. 2 at 1.)

15          The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status

16   quo.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue

17   injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over

18   the matter.").

19          Accordingly, the Court orders as follows:

20          1.   Petitioner's motion for temporary restraining order (Dkt. No. 2) is provisionally

21               GRANTED pending Respondents' response to the motion.  This grant is solely

22               for the purpose of maintaining the status quo so that the Court may review the

23               merits of the motion after full briefing.

24

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF
PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2) - 2

2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

//

//

//

//

//

//

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 3

6.  Because this case is assigned to Judge Robart, and because the undersigned did
    not have the ability to consult with Judge Robart prior to entering this order, the
    Parties are hereby informed that Judge Robart may modify or vacate this order
    once he has had the opportunity to review this order and the Petitioner's motion.

Dated this 31st day of October, 2025.



David G. Estudillo
United States District Judge